THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD J. FINLAN,<br><br>               Petititoner,<br><br>   v.<br><br>ROBERT HERZOG,<br><br>               Respondent. | CASE NO. C13-0789-JCC<br><br>ORDER |

The Court, having reviewed petitioner's petition for writ of habeas corpus, respondent's response thereto, the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 16), and the remaining record, does hereby ADOPT the report and recommendation.

I.  BACKGROUND

The Court does not recite the detailed factual history, which is described in the Report and Recommendation ("R&R"). (Dkt. No. 16 at 2–3.) In brief, on April 15, 2010, Petitioner pleaded guilty in state court to six counts of incest and the prosecutor dismissed three charges of felony harassment. (*Id.* at 2.) The dismissal of those charges was necessary for Petitioner to be eligible for a Special Sex Offender Sentencing Alternative ("SSOSA") sentence. At that time, the court set the sentencing date for June 16, 2010, and "expressed its opinion that [Petitioner] appeared to be a 'viable candidate' for a SSOSA sentence." (*Id.* at 2–3 (quoting Washington

Court of Appeals opinion).)

At the sentencing hearing, Petitioner asked to be sentenced under SSOSA. (*Id.* at 3.) The prosecutor opposed the sentence and Petitioner's daughter argued against a SSOSA sentence. (*Id.*) The trial court imposed a standard-range sentence of 102 months. (*Id.*) In state and federal court, Petitioner has argued that his counsel was ineffective and that his guilty plea was not knowingly and intelligently made. Petitioner's factual bases for these claims is that counsel insufficiently investigated and misrepresented to Petitioner the factors weighing against SSOSA, and that counsel failed to communicate a second plea offer of 46 months. (*Id.*)

## II. DISCUSSION

### A. Standard of Review

A district court reviews *de novo* those portions of an R&R to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Petitioner objects to the R&R on the basis that Magistrate Judge Theiler incorrectly concluded that he could have been eligible for a SSOSA sentence (Dkt. No. 19 at 1–2), and that she conducted a flawed analysis of his ineffective-assistance claim. (Dkt. No. 19 at 4–7.)

Plaintiff's argument about his eligibility for a SSOSA sentence is the same as that presented to the magistrate judge. (Dkt. No. 15 at 7.) He continues to argue that his felony convictions for indecent exposure prohibited him as a matter of law from being eligible. (Dkt. No. 19 at 3.) Although his focus on the word "or" is not entirely clear, it appears that he is referring to the statutory language that an offender is eligible for a SSOSA when "[t]he offender has no prior convictions for a sex offense as defined in RCW 9.94A.030 or any other felony sex offenses in this or any other state." *State v. McInally*, 106 P.3d 794, 798 (Wash. App. 2005) (quoting Wash. Rev. Code. § 9.94A.670(2)(b)). Nothing about the interpretation of this clause in *McInally* suggests that Petitioner was legally foreclosed from SSOSA eligibility, and multiple cases cited by Magistrate Judge Theiler demonstrate that indecent exposure is not a sex offense under Washington law. (Dkt. No. 16 at 13.) None of the parties at the state-court hearings

believed otherwise. (Dkt. No. 16 at 13–14.)

Petitioner also objects to Magistrate Judge Theiler's ineffective-assistance analysis under *Strickland v. Washington*, 466 U.S. 668 (1984). (Dkt. No. 19 at 4–7.) Petitioner places great weight on the contention that he has stated that "counsel never communicated the second plea offer and never discussed how or if his past history could affect the court determination for SSOSA." (Dkt. No. 19 at 5.) He cites *Bland v. California Dep't of Corr.*, 20 F.3d 1469 (9th Cir. 1994) for the contention that the State's failure to dispute factual allegations means they must be taken as true. (Dkt. No. 19 at 4.) But in that case the district court "assumed the truth of [petitioner's] declarations to the extent they were not inconsistent with the record." *Bland*, 20 F.3d at 1474 n.4. Here, as the state court and the Magistrate Judge recognized, "petitioner, at best, takes issue with his counsel's failure to accurately predict his chances of getting a SSOSA sentence"; any other conclusion would be inconsistent with the record. (Dkt. No. 16 at 14.)

Moreover, Petitioner does not address some of the factual bases for Magistrate Judge Theiler's opinion, including that he admitted that his "excessive drinking" had "affected [his] ability to process information" during the time when his counsel would have communicated the second plea offer. (Dkt. No. 16 at 12.) He also does not dispute Magistrate Judge Theiler's description that he viewed a SSOSA sentence as "crucial" at the plea hearing because of his medical conditions and age. (Dkt. No. 16 at 15.)

For the foregoing reasons, the Report and Recommendation (Dkt. No. 16) is ADOPTED.

//
//
//
//

1  DATED this 14th day of February 2014.

                                                John C. Coughenour
                                                UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4